No. 26-60101

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

McCOMB CHILDREN'S CLINIC, LIMITED, a Mississippi Corporation,

Plaintiff-Appellant,

v.

ROBERT F. KENNEDY, JR., Secretary, U.S. Department of Health and Human Services, in his official capacity; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANTHONY ARCHEVAL, in his official capacity as Acting Director of the Office for Civil Rights of the United States Department of Health and Human Services; OFFICE FOR CIVIL RIGHTS OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Defendants-Appellees.

On Appeal from the United States District Court
for the Southern District of Mississippi

## BRIEF FOR APPELLEES

BRETT A. SHUMATE
*Assistant Attorney General*

BAXTER KRUGER
*United States Attorney*

CHARLES W. SCARBOROUGH
ASHLEY C. HONOLD
*Attorneys, Appellate Staff*
*Civil Division, Room 7261*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 353-9018*

## STATEMENT REGARDING ORAL ARGUMENT

The district court's decision should be affirmed for the reasons stated by that court—plaintiff's claims were properly dismissed as moot. Although the government does not believe that oral argument is necessary, it stands ready to present oral argument if the Court would find it useful.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES

STATEMENT OF JURISDICTION ....................................................................................1

STATEMENT OF THE ISSUE.........................................................................................1

STATEMENT OF THE CASE........................................................................................2

  A.  Statutory and Regulatory Background and Prior Proceedings ...................2

  B.  Other Related Litigation ....................................................................7

SUMMARY OF ARGUMENT.........................................................................................8

STANDARD OF REVIEW ........................................................................................... 10

ARGUMENT ............................................................................................................ 10

THIS COURT SHOULD AFFIRM THE DISTRICT COURT'S DISMISSAL
  ON MOOTNESS GROUNDS........................................................................ 10

  A.  Plaintiff's Challenge to the 2024 Rule Is Moot. ..........................................10

  B.  Plaintiff's Arguments That the District Court Erred in Dismissing
    This Case as Moot Lack Merit. ...................................................................15

  C.  This Court Should Not Reach the Merits. ...................................................22

CONCLUSION ......................................................................................................... 24

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:**          **Page(s)**

*Already, LLC v. Nike, Inc.,*
568 U.S. 85 (2013) ............................................................................................ 11, 14

*Amawi v. Paxton,*
956 F.3d 816 (5th Cir. 2020) ....................................................................................12

*Bostock v. Clayton County,*
590 U.S. 644 (2020) ....................................................................................................2

*Data Mktg. P'ship, LP v. U.S. Dep't of Lab.,*
45 F.4th 846 (5th Cir. 2022) ....................................................................................11

*Franciscan Alliance, Inc. v. Becerra,*
47 F.4th 368 (5th Cir. 2022) ............................................................................... 19, 22

*Freedom from Religion Found., Inc. v. Abbott,*
58 F.4th 824 (5th Cir. 2023) ............................................................................... 21, 22

*Harris v. City of Houston,*
151 F.3d 186 (5th Cir. 1998) ....................................................................................15

*Larsen v. U.S. Navy,*
525 F.3d 1 (D.C. Cir. 2008) ......................................................................................17

*Libertarian Party v. Dardenne,*
595 F.3d 215 (5th Cir. 2010) ....................................................................................22

*Man Roland, Inc. v. Kreitz Motor Express, Inc.,*
438 F.3d 476 (5th Cir. 2006) ....................................................................................23

*McGrew v. Duncan,*
937 F.3d 664 (6th Cir. 2019) ....................................................................................19

*Moore v. Louisiana Bd. of Elementary & Secondary Educ.,*
743 F.3d 959 (5th Cir. 2014) ....................................................................................12

*Payne v. Progressive Fin. Servs., Inc.,*
748 F.3d 605 (5th Cir. 2014) ....................................................................................10

*PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.,*
    80 F.4th 555 (5th Cir. 2023) ...........................................................................23

*Spell v. Edwards,*
    962 F.3d 175 (5th Cir. 2020) ..................................................................... 11, 20

*Spencer v. Kemna,*
    523 U.S. 1 (1998) ...........................................................................................11

*Tennessee v. Becerra,*
    739 F. Supp. 3d 467 (S.D. Miss. 2024) ...........................................................5

*Tennessee v. Kennedy,*
    807 F. Supp. 3d 613 (S.D. Miss. 2025) .............................. 1, 5-6, 6, 9, 10, 12

*Texas v. Becerra,*
    739 F. Supp. 3d 522 (E.D. Tex. 2024), *modified on reconsideration,*
    No. 6:24-cv-211, 2024 WL 4490621 (E.D. Tex. Aug. 30, 2024) .................................7

*Texas v. Equal Emp. Opportunity Comm'n,*
    933 F.3d 433 (5th Cir. 2019) ..................................................................... 20, 21

*U.S. Navy SEALs 1-26 v. Biden,*
    72 F.4th 666 (5th Cir. 2023) .................................................................11, 18, 21

*Yarls v. Bunton,*
    905 F.3d 905 (5th Cir. 2018) .........................................................................21

**Statutes:**

5 U.S.C. § 553 ..................................................................................................1

5 U.S.C. §§ 701-706 ..........................................................................................1

5 U.S.C. § 705 ............................................................................................5, 7, 8

20 U.S.C. § 1681(a) ..........................................................................................2

28 U.S.C. § 1291 ..............................................................................................1

28 U.S.C. § 1331 ..............................................................................................1

28 U.S.C. § 1346(a) ........................................................................................1

28 U.S.C. § 1361 ..........................................................................................1

42 U.S.C. § 18116(a) .....................................................................................2

**Regulatory Materials:**

45 C.F.R. § 92.101(a)(2)(iv) ..........................................................................16

45 C.F.R. § 92.101(a)(2)(v) ..................................................................... 16, 17

45 C.F.R. § 92.206(b)(1) ................................................................................3

45 C.F.R. § 92.206(b)(4) ................................................................................3

45 C.F.R. § 92.206(c) .....................................................................................3

45 C.F.R. § 92.207(b)(3)-(4) ...........................................................................3

Exec. Order No. 14,168,
  90 Fed. Reg. 8615 (Jan. 30, 2025) ............................................... 4, 5, 11, 13, 14

Exec. Order No. 14,187,
  90 Fed. Reg. 8771 (Feb. 3, 2025) .............................................................. 4, 5, 14

**Rule:**

Fed. R. App. P. 4(a)(1)(B) ...........................................................................12

**Other Authorities:**

81 Fed. Reg. 31,376 (May 18, 2016) .................................................................2

85 Fed. Reg. 37,160 (June 19, 2020) ................................................................2

89 Fed. Reg. 37,522 (May 6, 2024) ............................................................... 2, 3

Off. on Women's Health, HHS,
  *Sex-Based Definitions*, https://perma.cc/H7XX-RHX3 ........................................... 5, 14

Order, *Catholic Benefits Ass'n v. Becerra*,
  No. 3:23-cv-203 (D.N.D. June 5, 2025), Dkt. No. 78 ...............................................8

Order, *Catholic Benefits Ass'n v. Becerra*,
  No. 3:23-cv-203 (D.N.D. Feb. 13, 2026), Dkt. No. 89 ...................................................8

Order, *Florida v. HHS*,
  No. 8:24-cv-01080 (M.D. Fla. June 9, 2025), Dkt. No. 79, *appeal pending*,
  No. 25-12095 (11th Cir. filed June 17, 2025) ............................................................ 8, 12

Order, *Missouri v. Becerra*,
  No. 4:24-cv-937 (E.D. Mo. Feb. 11, 2026), Dkt. No. 25 ....................................8, 12-13

Order, *Texas v. Becerra*,
  No. 6:24-cv-211 (E.D. Tex. Apr. 17, 2025), Dkt. No. 52 ................................................8

## STATEMENT OF JURISDICTION

Plaintiff asserted jurisdiction under 28 U.S.C. §§ 1331, 1346(a), 1361; and 5 U.S.C. §§ 553, 701-706.  ROA.17.  The district court dismissed plaintiff's case without prejudice as moot on February 5, 2026.  ROA.812-822.  Plaintiff filed a timely notice of appeal on February 23, 2026.  ROA.823.  This Court has appellate jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

During the previous administration, in 2024, the U.S. Department of Health and Human Services (HHS) issued a rule implementing Section 1557 of the Affordable Care Act (ACA), which prohibits discrimination on the basis of certain protected characteristics, including sex.  Plaintiff challenged the Rule's interpretation of sex discrimination as including gender-identity discrimination.  While plaintiff's case was pending, the district court universally vacated various provisions of the Rule related to gender-identity discrimination in another case.  *Tennessee v. Kennedy*, 807 F. Supp. 3d 613, 630 (S.D. Miss. 2025).  The government did not appeal the adverse decision in *Tennessee*.

The question presented is whether, in light of the universal vacatur of the 2024 Rule's gender-identity provisions in a final judgment in a separate case, where the time to appeal has expired, plaintiff's challenge to the 2024 Rule is moot.

**STATEMENT OF THE CASE**

**A.      Statutory and Regulatory Background and Prior Proceedings**

**1.**  Section 1557 of the Affordable Care Act prohibits, as relevant here, "any health program or activity" "receiving Federal financial assistance" from discriminating against an individual based on "ground[s] prohibited under" several other statutes. 42 U.S.C. § 18116(a).  One of the referenced statutes is Title IX of the Education Amendments of 1972, which prohibits discrimination "on the basis of sex."  20 U.S.C. § 1681(a).

HHS promulgated regulations implementing Section 1557 in 2016, 2020, and 2024.  *See* 81 Fed. Reg. 31,376 (May 18, 2016) (2016 Rule); 85 Fed. Reg. 37,160 (June 19, 2020) (2020 Rule); 89 Fed. Reg. 37,522 (May 6, 2024) (2024 Rule or Rule).  The 2016 Rule defined discrimination "on the basis of sex" to include discrimination on the basis of "gender identity."  81 Fed. Reg. at 31,467.  After a change in administration, HHS issued the 2020 Rule, which rescinded the 2016 Rule's provisions defining sex discrimination, including the portion regarding gender-identity discrimination.  *See* 85 Fed. Reg. at 37,162-37,165.  In place of those provisions, the 2020 Rule paraphrased the statutory language without adopting a new regulatory definition of sex discrimination.  *See id.* at 37,178.

Following the Supreme Court's decision in *Bostock v. Clayton County*, 590 U.S. 644, 660-661 (2020), which held that the prohibition on discrimination "because of . . . sex" in Title VII encompasses discrimination because of sexual orientation or gender

identity, and after another change in administration, HHS issued the 2024 Rule, which interprets Section 1557's prohibition against sex discrimination to include discrimination based on gender identity. 89 Fed. Reg. at 37,571-37,578. Among other things, the Rule provided that, absent a legitimate nondiscriminatory reason, covered entities must not "[d]eny or limit health services . . . to an individual based upon the individual's sex assigned at birth, gender identity, or gender otherwise recorded." 45 C.F.R. § 92.206(b)(1), (c) (*vacated*). Additionally, the Rule precluded covered entities from denying or limiting health services "sought for purpose of gender transition or other gender-affirming care that the covered entity would provide to an individual for other purposes if the denial or limitation is based on an individual's sex assigned at birth, gender identity, or gender otherwise recorded." *Id.* § 92.206(b)(4). Finally, the Rule prohibited covered entities from "[h]av[ing] or implement[ing] a categorical coverage exclusion or limitation for all health services related to gender transition or other gender-affirming care." *Id.* § 92.207(b)(3)-(4).

**2.** Plaintiff McComb Children's Clinic is a healthcare corporation that receives federal financial assistance from HHS and is subject to Section 1557 of the ACA. ROA.18. On May 13, 2024, plaintiff brought suit and challenged, as relevant here, the 2024 Rule's provisions addressing gender-identity discrimination under the Administrative Procedure Act (APA). ROA.48-51. Plaintiff alleged that it is harmed by the Rule because "it categorically does not provide medical interventions or referrals for, and does not facilitate or speak in ways that affirm the legitimacy of, the

3

practice of 'gender transition.'" ROA.36. Plaintiff sought a preliminary injunction and a stay of the Rule's effective date, a permanent injunction barring enforcement of the Rule's treatment of gender-identity discrimination, declaratory relief, and vacatur of the Rule "to the extent it prohibits discrimination on the basis of gender identity." ROA.57-58.

Plaintiff filed a motion for a preliminary injunction and a delay of the effective date of the Rule. ROA.89-337. Plaintiff later filed a motion for partial summary judgment. ROA.548-575.

**3.** In January 2025, after the change in administration, President Trump issued two executive orders that are relevant here. The first executive order, entitled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," states that the prior administration's position that Title IX "requires gender identity-based access to single-sex spaces" is "legally untenable." Exec. Order No. 14,168, 90 Fed. Reg. 8615, 8616 (Jan. 30, 2025) (*Defending Women* executive order). That order states that "[i]t is the policy of the United States to recognize two sexes, male and female." *Id.* at 8615. And "'[s]ex' shall refer to an individual's immutable biological classification as either male or female." *Id.* The second executive order, entitled "Protecting Children from Chemical and Surgical Mutilation," states that "it is the policy of the United States that it will not fund, sponsor, promote, assist, or support the so-called 'transition' of a child from one sex to another." Exec. Order No. 14,187, 90 Fed. Reg. 8771, 8771 (Feb. 3, 2025) (*Protecting Children*

4

executive order).  That order directs the Secretary of HHS to "take all appropriate actions to end the chemical and surgical mutilation of children, including regulatory and sub-regulatory actions, which may involve . . . section 1557." *Id.* at 8772.  In response, the Secretary of HHS issued "guidance expanding on the sex-based definitions set forth in" the *Defending Women* executive order.  *See* 90 Fed. Reg. at 8616; Off. on Women's Health, HHS, *Sex-Based Definitions*.[1]

**4.**  In another case challenging the 2024 Rule, the same district court granted a nationwide preliminary injunction and a nationwide stay under 5 U.S.C. § 705 of a list of challenged provisions with respect to gender identity.  *Tennessee v. Becerra*, 739 F. Supp. 3d 467, 485 (S.D. Miss. 2024).  The government appealed but voluntarily dismissed its appeal after the change in administration.  *See Tennessee v. Kennedy*, No. 24-60462 (5th Cir. dismissed Mar. 12, 2025).  The district court in this case *sua sponte* stayed this case pending the resolution of the appeal in *Tennessee*, ROA.739-742, and then ordered that the stay would remain in place after the dismissal of the appeal in *Tennessee*, explaining that the *Tennessee* nationwide preliminary injunction remained in place and provided protection to plaintiff in this case, ROA.748-749.

On October 22, 2025, in *Tennessee*, the district court granted the plaintiffs' summary judgment motion and issued a final judgment universally vacating various provisions of the Rule related to gender-identity discrimination.  *Tennessee v. Kennedy*,

---

[1] https://perma.cc/H7XX-RHX3.

807 F. Supp. 3d 613, 630 (S.D. Miss. 2025). The district court also issued a

declaratory judgment in *Tennessee* declaring that "HHS exceeded its statutory authority

when (1) it interpreted Title IX, as incorporated into Section 1557, to prohibit

discrimination on the basis of gender identity, and (2) when it implemented Section

1557 regulations concerning gender identity and 'gender affirming care.'" *Id.*

Defendants did not appeal the adverse judgment in *Tennessee*.

**5.** On December 23, 2025, the district court issued an order in this case

requiring the parties to show cause as to why this case should not be dismissed as

moot in light of the vacatur of the gender-identity provisions of the 2024 Rule in

*Tennessee*. ROA.755-758. The district court explained that "[i]t is unclear what relief

the Court would be able to grant Plaintiffs now that portions of the Rule that

prohibited gender-identity discrimination have been vacated." ROA.757. Plaintiff

filed a response arguing that the case was not moot because the *Tennessee* vacatur did

not include the "sex stereotypes" provision of the Rule. ROA.759-770. The

government filed a response arguing that the case was moot in light of *Tennessee*'s

nationwide vacatur and the President's executive orders expressly disavowing the 2024

Rule's gender-identity provisions and the type of enforcement actions that plaintiff

feared. ROA.771-794.

**6.** On February 5, 2026, the district court dismissed plaintiff's claims without

prejudice on mootness grounds. ROA.812-821. The court explained that in the

*Tennessee* case, it "unequivocally held that Defendants violated the APA to the extent

that they defined discrimination on the basis of sex to include 'gender identity.'"

ROA.817.  Having "granted a universal vacatur that removed all references to 'gender

identity' from the pertinent regulations," the court concluded that it "has already

granted the relief [plaintiff] now seeks."  ROA.817.  "In other words," the court

summarized, "if Defendants were to interpret [the Rule's] reference to

'[d]iscrimination on the basis of sex' to mean 'gender identity,' whether under the

guise of 'sex stereotypes' or otherwise, they would essentially be reinstating the

'gender identity' subsection in the Rule without Notice and Comment and in violation

of this Court's judgment."  ROA.817.  The district court thus concluded that because

plaintiff "has received complete relief for its APA claim, that claim is moot."

ROA.817.  Accordingly, the district court dismissed the case without prejudice.

ROA.821-822.

> **B.  Other Related Litigation**

There have been several other challenges to the 2024 Rule, in addition to this

case and the *Tennessee* case.  In *Texas v. Becerra*, the district court issued a nationwide

stay under 5 U.S.C. § 705 as to the challenged provisions of the Rule involving gender

identity.  *Texas v. Becerra*, 739 F. Supp. 3d 522, 541 (E.D. Tex. 2024), *modified on

reconsideration*, No. 6:24-cv-211, 2024 WL 4490621 (E.D. Tex. Aug. 30, 2024).  The

government appealed but voluntarily dismissed its appeal after the change in

administration.  *Texas v. Kennedy*, No. 24-40568 (5th Cir. dismissed Mar. 17, 2025).

The *Texas* district court stayed the case, and the district court's 5 U.S.C. § 705 stay remains in effect. *See Texas v. Becerra*, No. 6:24-cv-211, Dkt. Nos. 52, 53.

In *Florida v. HHS*, the district court dismissed the case "without prejudice as moot and not capable of repetition within any reasonable time frame." No. 8:24-cv-01080 (M.D. Fla. June 9, 2025), Dkt. No. 79, *appeal pending*, No. 25-12095 (11th Cir. filed June 17, 2025). The plaintiffs appealed, and the case is fully briefed before the Eleventh Circuit. *Florida v. HHS*, No. 25-12095 (11th Cir. filed June 17, 2025).

In *Catholic Benefits Association v. Becerra*, the district court granted the plaintiff's motion for summary judgment on its claims under the Religious Freedom Restoration Act with "respect to the 2024 Rule's extension of discrimination on the basis of sex to discrimination on the basis of gender identity." No. 3:23-cv-203 (D.N.D.), Dkt. Nos. 78, at 17; 89.

Finally, in *Missouri v. Becerra*, on February 11, 2026, the district court ordered the plaintiffs to show cause why the case should not be dismissed as moot, and the plaintiffs filed a response on February 27, 2026. No. 4:24-cv-937 (E.D. Mo.), Dkt. Nos. 25, 28. The court has not yet ruled on that issue.

## SUMMARY OF ARGUMENT

This case is moot. Plaintiff challenged the 2024 Rule's definition of sex discrimination as including gender-identity discrimination and sought to vacate the relevant provisions of the Rule and enjoin HHS from enforcing the Rule against them. But the district court has universally vacated those provisions in another case,

*Tennessee v. Kennedy*, 807 F. Supp. 3d 613 (S.D. Miss. 2025).  The government has not appealed the universal vacatur of the Rule in *Tennessee*, and the time to appeal has now expired.  Moreover, President Trump has issued two executive orders expressly disavowing the very type of enforcement actions that plaintiff has feared.  As a result, there is no effectual relief that a court could order, and there can be no doubt that plaintiff faces no credible threat of enforcement under the Rule.  Because this case no longer presents a live controversy under Article III, the district court's order dismissing this case as moot should be affirmed.

Plaintiff's arguments to the contrary are meritless.  Plaintiff argues that the case remains live because it seeks vacatur of the sex-stereotypes provision of the Rule.  But plaintiff did not challenge the sex-stereotypes provision of the Rule in its complaint. In any event, issuing an order vacating the sex-stereotypes provision "to the extent it prohibits discrimination on the basis of gender identity," Pl.'s Br. 22 (quotation marks omitted), would be redundant of the final judgment in *Tennessee* because that judgment already vacated the relevant provisions of the rule to the extent they defined discrimination on the basis of sex to include gender identity.

Finally, even if this Court were to reverse on mootness grounds, it should reject plaintiff's invitation to reach the merits, as the district court has not yet considered the merits of this case and should have an opportunity to do so in the first instance.

**STANDARD OF REVIEW**

This Court reviews the district court's dismissal for lack of jurisdiction de novo. *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605, 607 (5th Cir. 2014).

**ARGUMENT**

**THIS COURT SHOULD AFFIRM THE DISTRICT COURT'S DISMISSAL ON MOOTNESS GROUNDS**

### A.      Plaintiff's Challenge to the 2024 Rule Is Moot.

In May of 2024, plaintiff sought prospective relief barring enforcement of the 2024 Rule interpreting Section 1557's prohibition on sex discrimination to include gender-identity discrimination and vacating the Rule under the APA. Plaintiff, which is a pediatric clinic and does not treat adults, claimed that the Rule would "force[] medical clinics to perform . . . 'gender-transition' procedures" and that "[i]f medical clinics such as Plaintiff . . . do not change their policies and comply with the rule, HHS can punish them with huge financial penalties and exclude them from treating patients paid through federally funded programs like Medicaid or the Children's Health Insurance Program." ROA.15-16.

None of the injuries that plaintiff asserted in 2024 remains live. The gender-identity provisions challenged by plaintiff have been universally vacated in a final judgment issued by the same district court in *Tennessee v. Kennedy*, 807 F. Supp. 3d 613 (S.D. Miss. 2025), and the government did not appeal the adverse decision in *Tennessee*. Moreover, now that the administration has changed and the executive orders have made

clear that the Rule's position on gender-identity discrimination is "legally untenable," 90 Fed. Reg. at 8616, there is no longer a "live case[] or controvers[y]," *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020), and the case is thus moot. In light of these changed circumstances, neither this Court nor the district court could "grant any effectual relief whatever" to plaintiff. *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023).

As the Supreme Court has recognized, a case becomes moot when it "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Id.* (citation omitted). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). As this Court has recognized, because the mootness doctrine "ensures federal courts are only deciding live cases or controversies," *Spell*, 962 F.3d at 178-179, "[i]f a dispute ceases mid-litigation, so does [the Court's] jurisdiction," *U.S. Navy SEALs 1-26*, 72 F.4th at 672.

The district court's final judgment in *Tennessee* universally vacated[2] the provisions of the Rule related to gender-identity discrimination that plaintiff challenged here and

---

[2] The government acknowledges that this Court's precedents identify vacatur as an available remedy under the APA, *e.g.*, *Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*, 45 F.4th 846, 859-860 (5th Cir. 2022), but preserves its argument to the contrary. *See*

*Continued on next page.*

issued a declaratory judgment declaring that "HHS exceeded its statutory authority when (1) it interpreted Title IX, as incorporated into Section 1557, to prohibit discrimination on the basis of gender identity, and (2) when it implemented Section 1557 regulations concerning gender identity and 'gender affirming care.'" 807 F. Supp. 3d at 630; *see also Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) (dismissing as moot challenge to statutory provision where another court invalidated the provision in another case brought by different plaintiffs). In short, plaintiff's "complaint with the defendants has been resolved, and in their favor. Consequently, this case is moot." *See Amawi v. Paxton*, 956 F.3d 816, 821 (5th Cir. 2020).

Consistent with the President's executive orders expressly disavowing the 2024 Rule's gender-identity provisions, defendants did not appeal the final judgment in *Tennessee*, and the time to appeal has now expired. *See* Fed. R. App. P. 4(a)(1)(B). Plaintiff's challenge to the Rule here is accordingly moot, as other district courts have either recognized or suggested. *See Florida v. HHS*, No. 8:24-cv-01080 (M.D. Fla. June 9, 2025), Dkt. No. 79 (dismissing the plaintiff's challenge to the 2024 Rule "without prejudice as moot and not capable of repetition within any reasonable time frame"), *appeal pending*, No. 25-12095 (11th Cir. filed June 17, 2025); *Missouri v. Becerra*, No. 4:24-

---

Brief for the United States at 40-44, *United States v. Texas*, 599 U.S. 670 (2023) (No. 22-58), 2022 WL 4278395, at *40-44; Reply Brief for the United States at 16-20, *Texas*, 599 U.S. 670 (No. 22-58), 2022 WL 17170668, at *16-20.

cv-937 (E.D. Mo. Feb. 11, 2026), Dkt. No. 25 (ordering the plaintiff to show cause as to why the challenge to HHS's 2024 Rule should not be dismissed as moot).

President Trump's executive orders making clear that the Rule's provisions on gender-identity discrimination will not be enforced and no longer reflect "the policy of the United States," 90 Fed. Reg. at 8615, only underscore the lack of any live case or controversy under Article III. Plaintiff challenged the Rule's treatment of gender-identity discrimination and opposed the "the practice of 'gender transition.'" ROA.36. Plaintiff sought vacatur of the Rule "to the extent it prohibits discrimination on the basis of gender identity" and injunctive relief enjoining defendants from "implementing, enforcing, or applying a gender-identity nondiscrimination mandate under any aspect of the rule." ROA.57. Plaintiff also sought a declaration that "Section 1557 of the ACA" does "not prohibit discrimination on the basis of gender identity" and that "the rule and Defendants' enforcement or defenses thereof violates the" APA. ROA.58.

As the district court recognized in dismissing this case as moot, there is no longer a live case or controversy between the parties. On his first day in office, the President issued the *Defending Women* executive order, which states that "[i]t is the policy of the United States to recognize two sexes, male and female" and that "[t]hese sexes are not changeable." 90 Fed. Reg. at 8615. The executive order further states that "'[s]ex' shall refer to an individual's immutable biological classification as either male or female" and that "'[s]ex' is not a synonym for and does not include the concept of 'gender identity.'"

*Id.* It also directs "[e]ach agency and all Federal employees" to "enforce laws governing sex-based rights" "to protect men and women as biologically distinct sexes." *Id.* at 8616. The executive order directed the Secretary of HHS to provide "clear guidance expanding on the sex-based definitions set forth in this order." *Id.* The Secretary of HHS has thus issued guidance stating that "[a] person's sex is unchangeable and determined by objective biology" and that "[r]ecognizing the immutable and biological nature of sex is essential to ensure the protection of women's health, safety, private spaces, sports, and opportunities." Off. on Women's Health, HHS, *Sex-Based Definitions*, *supra*.

The President also issued the *Protecting Children* executive order, which states that "it is the policy of the United States that it will not fund, sponsor, promote, assist, or support the so-called 'transition' of a child from one sex to another." 90 Fed. Reg. at 8771. The executive order directs the Secretary of HHS to "take all appropriate actions to end the chemical and surgical mutilation of children, including regulatory and sub-regulatory actions, which may involve . . . section 1557." *Id.* at 8772.

In light of the final order in *Tennessee* and the government's change in position, as reflected in the executive orders, there are no longer any live issues to litigate, as there is no "actual controversy about the plaintiffs' particular legal rights." *Already*, 568 U.S. at 91. Plaintiff sought injunctive relief prohibiting defendants from requiring covered entities to "[p]erform . . . 'gender transition'" or "[a]llow members of one sex into the private spaces or sex-specific programs of the other sex in their facilities, such as by

14

allowing males into female restrooms," ROA.57, but the *Tennessee* order and the executive orders make clear that defendants will not require covered entities to take either of these actions that plaintiff fears. Plaintiff also sought vacatur of the Rule's provisions concerning gender-identity discrimination, ROA.57, but those provisions were universally vacated in *Tennessee*, and the executive orders underscore that the Rule's provisions on gender-identity discrimination will not be enforced in the ways plaintiff fears. Plaintiff alleged that the Rule would "upend the practice of medicine" and "force[] medical clinics to perform . . . 'gender-transition' procedures," ROA.15, but the *Tennessee* order vacated the relevant provisions of the Rule, and the executive orders make clear that defendants now agree with plaintiff's position on sex-change procedures and thus will not interfere in the way plaintiff fears. Accordingly, any claim for prospective relief against a non-existent requirement is now moot. *See Harris v. City of Houston*, 151 F.3d 186, 190-191 (5th Cir. 1998) (case was moot when the plaintiffs sought only prospective relief, and changed circumstances prevented the Court from granting effectual prospective relief).

## B.  Plaintiff's Arguments That the District Court Erred in Dismissing This Case as Moot Lack Merit.

Plaintiff's arguments that this case remains live are unavailing. The district court properly recognized that in light of the universal vacatur of the Rule's gender-identity provisions in *Tennessee*, there was no effectual relief it could order. Moreover, after the change in administration and the issuance of executive orders expressly

repudiating the gender-identity provisions in the 2024 Rule, plaintiff no longer faces any credible threat of enforcement under the Rule.

**1.** Plaintiff argues that this case remains live because it sought a broader vacatur of the 2024 Rule than the relief granted in *Tennessee*. That is not correct. Although the *Tennessee* court vacated 45 C.F.R. § 92.101(a)(2)(iv), which prohibited discrimination based on gender identity, it did not vacate 45 C.F.R. § 92.101(a)(2)(v), which prohibited discrimination based on "sex stereotypes." Pl.'s Br. 23. But plaintiff in this case did not challenge 45 C.F.R. § 92.101(a)(2)(v) in their complaint. *See, e.g.*, ROA.20 ("Title IX, its regulations, and longstanding guidance do not mention or forbid discrimination based on 'gender identity.'"); ROA.20 ("The ACA does not mention gender identity."); ROA.31 ("The rule's prohibition on discrimination on the basis of gender identity goes into effect on July 5, 2024."); ROA.37 (plaintiff "categorically opposes asking for its patients' gender identity, or charting or coding them according to their gender identity instead of their sex according to biology"); ROA.43 ("Compliance with the rule would present risks to [plaintiff]'s patients— including life-threatening risks—by requiring that necessary procedures and inquiries be omitted by [plaintiff] because those are associated with the patient's sex and not the patient's gender identity."); ROA.43 (plaintiff "opposes complying with the rule's requirement that it adopt a 'nondiscrimination' policy on 'gender identity,' or that it provide notice that it does not discriminate on the basis of 'gender identity'").

Indeed, every count in the complaint challenges the Rule's "gender-identity nondiscrimination requirement." *See* ROA.48 (plaintiff "brings this claim as to the rule's gender-identity nondiscrimination requirement"); ROA.51 (plaintiff "brings this claim as to the rule's gender-identity nondiscrimination requirements"); ROA.54 (plaintiff "brings this claim as to the rule's gender-identity nondiscrimination requirements"). No count in the complaint even references, let alone directly challenges, the Rule's prohibition on discrimination based on "sex stereotypes" in 45 C.F.R. § 92.101(a)(2)(v). In these circumstances, courts "decline to revive [a moot] case by reading into [a] plaintiff['s] complaint an argument not adequately presented." *See Larsen v. U.S. Navy*, 525 F.3d 1, 5 (D.C. Cir. 2008).

Plaintiff argues that it challenged both "the 'gender identity' mandates by name *and* the 'sex stereotypes' mandate," Pl.'s Br. 22, citing the background section of its complaint (ROA.25-26) and the prayer for relief (ROA.57). But as the district court explained, plaintiff simply alleged in the background section of the complaint that "the rule directly defines 'gender-identity' discrimination to be sex discrimination, but the rule separately defines 'sex stereotypes' discrimination to be sex discrimination, and the rule considers 'sex stereotypes' discrimination to encompass gender-identity discrimination." ROA.25; *see also* ROA.816. And the prayer for relief does not mention discrimination based on sex stereotypes at all. ROA.57 (requesting that the court "declare unlawful, set aside, and vacate the rule to the extent it prohibits discrimination on the basis of gender identity" and issue injunctive relief "against

17

Defendants implementing, enforcing, or applying a gender-identity nondiscrimination mandate under any aspect of the rule").

Plaintiff also argues that it sought "vacatur of 'the rule to the extent it prohibits discrimination on the basis of gender identity'—including the 'sex stereotypes' clause." Pl.'s Br. 22 (citing ROA.57). As explained above, ROA.57 does not mention discrimination based on sex stereotypes at all. In any event, issuing an order vacating the sex-stereotypes provision "to the extent it prohibits discrimination on the basis of gender identity," ROA.57, would be redundant of the final judgment in *Tennessee* because that judgment already vacated the relevant provisions of the rule to the extent they defined discrimination on the basis of sex to include gender identity. As a result, the district court, which was well-positioned to opine on the scope of the vacatur it issued in *Tennessee*, concluded that this case is moot because "it is impossible for a court to grant any effectual relief." *U.S. Navy SEALs 1-26*, 72 F.4th at 672.

Because the district court "unequivocally held that Defendants violated the APA to the extent that they defined discrimination on the basis of sex to include 'gender identity'" and "granted a universal vacatur that removed all references to 'gender identity' from the pertinent regulation," the court properly concluded that it "has already granted the relief [plaintiff] now seeks." ROA.817. "In other words, if Defendants were to interpret [the Rule]'s reference to '[d]iscrimination on the basis of sex' to mean 'gender identity,' whether under the guise of 'sex stereotypes' or otherwise, they would essentially be reinstating the 'gender identity' subsection in the

18

Rule without Notice and Comment and in violation of this Court's judgment."
ROA.817.

Plaintiff also argues that its motion for preliminary relief "sought relief against the entire rule, which encompasses the 'sex stereotypes' clause," and that its summary judgment motion sought vacatur of "all of § 92.101—which likewise encompasses the 'sex stereotypes' clause." Pl.'s Br. 22 (citing ROA.337, 548). But plaintiff cannot add a claim challenging the sex-stereotypes provision in a brief because it did not bring a claim attacking that provision in its complaint. *See McGrew v. Duncan*, 937 F.3d 664, 668 (6th Cir. 2019) (explaining that an amended complaint, not a brief, "is the vehicle with which to add new claims"). In any event, plaintiff's motion for preliminary relief and motion for partial summary judgment do not mention the sex-stereotypes provision at all. ROA.313-337, 548-575; *see also* ROA.548 (seeking to vacate the rule "to the extent it reaches discrimination on the basis of gender identity").

Plaintiff's reliance (Pl.'s Br. 25) on *Franciscan Alliance, Inc. v. Becerra*, 47 F.4th 368 (5th Cir. 2022), is puzzling. In *Franciscan Alliance* this Court held that because the 2020 Rule interpreting Section 1557's provision prohibiting discrimination based on sex "gave [the plaintiff] the remedy an APA violation called for—vacatur of the [challenged] 2016 Rule's prohibition of discrimination on the basis of . . . 'gender identity,'" "the court is unable to provide relief beyond what the 2020 Rule already gave," and the plaintiff's APA claim "is therefore moot." *Id.* at 374-375. That case

thus supports rather than undermines the district court's mootness determination here.

**2.** Plaintiff also argues that the executive orders expressly disavowing the provisions of the 2024 Rule with respect to gender-identity discrimination that plaintiff challenged do not independently moot this case. Pl.'s Br. 28-31. But this attacks a straw man. As explained above, *supra* pp. 10-13, the critical event that decisively mooted plaintiff's claims was the universal vacatur of the gender-identify provisions of the Rule in the *Tennessee* final judgment. The executive orders making clear that the Executive Branch policy precludes the type of enforcement actions plaintiff once feared only underscore the lack of any "live case[] or controvers[y]," *Spell*, 962 F.3d at 178-179.

Plaintiff relies on *Texas v. Equal Employment Opportunity Commission (EEOC)*, 933 F.3d 433, 450 (5th Cir. 2019), and argues that the voluntary cessation exception to mootness applies here because the government "has not made it 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" Pl.'s Br. 29 (quoting *EEOC*, 933 F.3d at 449). As an initial matter, given the universal vacatur of the Rule in *Tennessee*, HHS may not take any enforcement action based on the gender-identity provisions of the Rule. Moreover, in *EEOC*, mootness was not briefed by the parties, and this Court held that the voluntary cessation exception to mootness applied in that case because there was "no direct evidence that the Attorney General ha[d] committed *not* to" follow the challenged agency document, and the

20

defendants had "endorsed parts of the [challenged agency document] on remand." 933 F.3d at 449-450. In contrast, the challenged provisions of the Rule have been vacated, and the executive orders here provide direct evidence that the government has committed not to take the type of enforcement actions that plaintiff had feared. *See Yarls v. Bunton*, 905 F.3d 905, 910-911 (5th Cir. 2018) (absent evidence to the contrary, the Court "assume[s] that formally announced changes to official governmental policy are not mere litigation posturing" and have, in fact, extinguished the controversy (quotation marks omitted)); *U.S. Navy SEALs 1-26*, 72 F.4th at 673-674 ("[G]overnmental entities bear a 'lighter burden' . . . in proving that the challenged conduct will not recur once the suit is dismissed as moot." (alterations in original) (quoting *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 833 (5th Cir. 2023))).

Plaintiff also argues that "[i]t can 'reasonably be expected' that HHS will change its mind about gender identity," noting that "HHS has changed its policy view three times since 2020." Pl.'s Br. 30. But plaintiff's bare desire for some sort of protection against hypothetical future interpretations of the prohibition on sex discrimination in Section 1557, and possible future enforcement actions by a different administration at some point in the future, is insufficient to maintain a live case or controversy. *See U.S. Navy SEALs 1-26*, 72 F.4th at 674 (explaining that the fact that the military "could implement a new vaccine mandate in the future . . . does not change the mootness calculus" and that "[i]t is black-letter law that the government's

21

mere 'ability to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception'" (quoting *Freedom from Religion Found.*, 58 F.4th at 833)); *see also Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir. 2010) (explaining that a mere "theoretical possibility" that a plaintiff will be subject to the same government action again "is not sufficient to satisfy" the "capable of repetition, yet evading review" exception to mootness).

Moreover, even if plaintiff were to obtain the additional relief it is seeking— vacatur of the Rule's sex-stereotypes provision—that relief would not offer any protection for plaintiff against hypothetical future rules promulgated by hypothetical future administrations. Plaintiff argues that this Court awarded the plaintiff in *Franciscan Alliance* "additional relief even after gender-identity sections of the [challenged] rule were vacated." Pl.'s Br. 30-31 (citing *Franciscan Alliance*, 47 F.4th at 375). But as explained above, this Court held in *Franciscan Alliance* that the plaintiffs' APA claim was moot because the plaintiffs had already received complete relief. 47 F.4th at 374-375. And this Court affirmed the district court's grant of permanent injunctive relief to the plaintiffs in that case under the Religious Freedom Restoration Act (RFRA). *Id.* at 377-380. But plaintiff in this case did not bring a RFRA claim and does not seek injunctive relief on appeal. *See* Pl.'s Br. 44.

### C.     This Court Should Not Reach the Merits.

Plaintiff devotes a considerable portion of its opening brief to arguing that this Court should reach the merits before the district court and vacate the Rule's sex-

stereotypes provision.  Pl.'s Br. 31-44.  But even if this Court were to agree with plaintiff that this case is not moot, the most appropriate course would be a remand to the district court for consideration of plaintiff's partial motion for summary judgment in the first instance.  *See, e.g.*, *PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 563 (5th Cir. 2023) ("As a well-established general rule, this court 'will not reach the merits of an issue not considered by the district court.'"); *Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 482-483 (5th Cir. 2006) (declining to rule on the merits of a cross-motion for summary judgment that was not addressed by the district court).

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court's dismissal of this case as moot.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

BAXTER KRUGER
*United States Attorney*

CHARLES W. SCARBOROUGH

 s/ *Ashley C. Honold*
ASHLEY C. HONOLD
*Attorneys, Appellate Staff*
*Civil Division, Room 7261*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 353-9018*
*ashley.c.honold@usdoj.gov*

MAY 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

<i>s/ Ashley C. Honold</i>
Ashley C. Honold

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 5,635 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/Ashley C. Honold*
Ashley C. Honold